Well next to your argument in docket number 25-1512, Ollnova Technologies v. ecobee Technologies. Hello again and may it please the court. I will try and make this as simple as possible. Both sides now agree that the board erred in construing the suspended limitation and we think the proper approach is to remand for the board to reconsider the factual question whether Cates discloses suspending the transmission under the proper claim construction. The court nevertheless passed on the claim construction question in light of you, the patent owner, seeking a construction that was different than plain and ordinary meaning and so therefore needed to address the merits of your claim construction argument, which it now has done in its final written decision. Are you suggesting that just because both of the parties here don't want that claim construction that we should just overturn that claim construction on that grounds alone? I think that's the appropriate, when there's a confession of error essentially on that point. Supreme Court, when there's a confession of error, will routinely send cases back down to courts of appeals. The problem I have is that this is a question of law about what is the proper boundaries and scope of this legal instrument and it seems like you're here on appeal seeking to overturn the board's construction of this legal instrument. I don't know if we can just ignore what the board did and assume that the board is wrong and that your version of the claim is correct. Yeah, well I think a confession of error may be sufficient to do it given party control of litigation. If the court would like to get into the merits of it, certainly. I think there's also questions of whether there may be some sort of estoppel against your best legal support for us needing to indicate that the board needs to adopt the claim destruction of the district court here. I don't think there is an absolute obligation to do so, although here I don't think the district court gave the proper consideration to the district court construction. Or did not consider the district court adequately, is what you mean. Yeah, so I think it didn't really consider the district court's construction. It said there is a very small verbal difference between what Ilnova is proposing and what the district court said. So we're all going to consider Ilnova's. So it kind of used that to brush aside the district court. And so maybe there is a reason decision making aspect. But you agree the board is not bound by the district court's construction, right? Not as a matter of precedent, but the board still has to engage in recent decision making. And I think this court has indicated that that involves, at least in part, giving proper consideration to a district court's construction. I do not recall. I mean, the board did a fairly exhaustive run through of the written description and the different usages of the term suspended. Did the board point out that the district court's Markman order did not cite or evaluate that one passage in column three? You know what passage I'm talking about in the patent column three, which uses suspended in a way that's, shall we say, inconsistent with your preferred construction of the order? I don't think it's inconsistent at all. Let's assume that it's inconsistent. Okay. So did the board point that out, that there's this one passage in the patent that the district court did not address? I actually, I don't recall whether the board pointed that aspect out, but I do think even on the merits, the board's analysis was ultimately flawed if we're going to talk about the merits of it. So the district court explained ordinary meaning of suspend is to stop something that would ordinarily happen. If you're suspended from school, you're not suspended on a Saturday because you're not going to go anywhere. You're suspended if it's something that would otherwise happen. It's consistent with the claim language because it would have been easy to say you transmit if, you don't transmit if. I said suspended, not just merely not transmitting. And then the specification consistently, when it gives any detail about what suspending entails, it doesn't, there's something more than just not transmitting. There's some extra control, there's some extra step or process that's happening there. The board admitted the three examples that actually give any detail whatsoever about what suspending entails match ours and the district court's at ECOB's claim construction that it requires stopping something that otherwise would have happened, that it's something more than just not transmitting. And then that column three example, that fourth example, all it does is track the language of the claim itself. So the information may be communicated in response to a change. Similarly, transmission of information may be suspended for periods in which no change of the indicator has been identified. That is basically just repeating the two clauses of the claim itself. It doesn't warrant giving it anything broader than you would otherwise give that claim language in light of the more specific guidance elsewhere in the specification. I think it frankly just doesn't shed any light on it because it does no more than echo the claims language itself. And so you have the three examples that are very specific to what suspending entails. Something that's more than just not transmitting, more than just forbearance, and that's consistent with the ordinary language and the fact that they chose to say suspend and not transmit. And the fifth example the board relied on doesn't use the word suspend at all. It chose, you know, the inventors chose not to use the word suspend and just refer very generally to may not transmit. And I think if anything, the conclusion to draw from that change in language is that they didn't view that as suspending, they viewed it as just not transmitting. And I think the board was mistaken in giving that what ended up being pretty close to this positive weight. That there's a passage here which doesn't use the key claim word that doesn't include the additional aspects that we're referring to. I think for all of those reasons, both we and ECOB and the district court are all correct. The suspend doesn't mean merely not transmitting. It requires something more than that. And so I think even on the merits, the court should agree that the board erred on that claim construction. And before you move on, could I just, I just want to come back to the weird procedural status that we're in. If in front of the board, you all agreed to propose jointly the district court construction, the board would not have been obligated to accept that. It would have had to consider it, but it wouldn't have had to go with your agreed upon construction, would it? It would be unusual if the parties didn't dispute a claim construction, I think, for the board to disagree with it. But as a legal matter, strictly speaking, no. Which is why you're not here, I just want to make sure, you're not here to tell us that we can't go with the board's construction. We can evaluate the merits, including the arguments you just made, and decide for ourselves as a question of law what the right construction is, notwithstanding what you've now characterized as confession of error. Is that correct? Strictly speaking, yes. Of course, the court would have to address other things, like is there an estoppel or something else that forbids EGLEB from taking opposed positions on it and benefiting from them in both of the forums. I think there's a problem there that the court would have to wade through there. Which I think, you know, whether it says, yes, the parties are correct, or the parties now agree and that's enough to resolve the case, I think both of those are plenty of reasons to send it back down to the board. It doesn't seem like there's really a collateral estoppel issue in the sense of what the briefing says. Sounds like the parties maybe agree on what the proposed construction would be here, but the board had a different take. I'm sorry, I didn't. You said maybe there's collateral estoppel issue, I'm contesting that, saying that it sounds like both parties are in agreement on what they think the right construction should be. They say, let's go with the district court construction. The board had a different take, and the board is not bound by either the party's agreement or what the district court did in terms of the claim construction, right? Well, I think that the court's precedent, this court's precedent is clear that estoppel principles apply in IPR proceedings. And if, you know, if there is an estoppel, you need, it would be very hard to get around it. It would be sort of extraordinary circumstances. There's nothing to estoppel, because your friend on the other side, unless he gets up and denies what's in his brief, he's not trying to argue anything contrary to what you're  But the estoppel would still be that they're bound to it, and if the party with the burden of proof is bound by that prior legal ruling, that would have... Board-bound by it. Well, I think just like, you know, this court routinely applies estoppel when one of the parties is subject, is bound by an estoppel, even on questions of law. Contending that the board is somehow estopped or bound by what Eccleby agreed to with respect to the claim construction. Well, I think the point is that it was adjudicated... Yes or no answer, you should give me to that question. I think just the fact that they agreed to it doesn't mean the board is bound to accept it. But I think what we're saying is that this was something that was adjudicated in the district court, and that can have preclusive effects in other proceedings. Did you tell the board before the board issued its final written decision, hey, Eccleby can't make any argument contrary to the district court's construction? I will need to confirm this. I think that based on the timing of the district court proceedings, it might have been raised in the district director review petition. That might have been the appropriate time to raise it. But estoppel can be raised even for the first time on appeal. There was nothing precluding the board, it sounds like, like estoppel, issued preclusion from rendering the claim construction it did when it did it. Yes, but even if the estoppel applies for the first time on appeal, the court can still apply it. That's even if it's a pure question of law. The court did it to Article III standing. Eccleby is not trying to maintain that earlier position is the point. Well, I mean, it's the situation where they are trying to stick to what the district court adopted, and I think it would be a bit strange to say that we are not going to apply that construction here because they want us to apply the construction here, even if they were opposing it here. Is there a best argument that the board has to apply the district court construction here? I think cases, I think synopsis is the best case that says that preclusion issues do apply in IPRs, other PTAB proceedings, and so if an estoppel would otherwise apply, the board would have to apply the same way that a court would. You're into your rebuttal. Do you want to save it? So I guess I will just say that if the court agrees for whatever reason that the board's construction should be taken as error because the parties agree on the merits, that a remand is appropriate. The factual finding that Eccleby relies on in Appendix 29 is about a different situation of whether a transmitting period or interval exists when there's a suspension. It does not address the separate discussion the board had at Appendix 31. The board is clear it was not deciding the basic question of whether Cates discloses suspending the transmission at all. It says we argue that it didn't because all Cates discloses is not transmitting. The board says our claim construction says it can be what ALNOVA thinks it is or it can be just not transmitting, and Cates says not transmitting. So I think that makes clear that the board did not make the necessary factual finding under the correct construction. Thank you. Great.  Good morning. May it please the court. There are two active issues in this appeal. The first is whether the board's findings of fact support unpatentability under the agreed upon construction. The second is the transmission interval argument. We first have to figure out whether or not we should affirm the board's claim construction. And it sounds like you don't want us to. Well, let me give a little bit of procedural background because I think I got a little muddied in the prior discussion. ECOB was a joinder petitioner. It was not involved in the IPR below. The board made its ruling on claim construction before ECOB even had the opportunity to say anything in the case. But Copeland was the original petitioner, correct?  And ECOB was the understudy? Correct. So at that point, the decision by the board as to what the claim construction was done before ECOB was involved. So I don't think it could even be an argument presented below that estoppel would have to apply because ECOB wasn't handling the case. Copeland was, and there's no argument that Copeland would be estopped. Putting all of that aside, I don't think the court needs to address the properness of one claim construction over the other to dispense with this case. As discussed in Enri Watts, the issue is not whether or not there was an error below, but whether or not that error would have resulted in a different decision. Now, the patent owner has come to us and said, please reverse this claim construction. The board got the claim construction wrong. If we disagree with the patent owner and say, no, in light of all the intrinsic evidence, we think the board's claim construction is correct, and by the way, we now affirm its findings of unpatentability in light of that claim construction. Would you be unhappy with that outcome? We would certainly not be unhappy with the upholding of the decision below. It might complicate the district court case as to what the district court does with claim construction, where the parties agree as to what the terms should mean. In the contours of this case- But the district court also is not bound by the board's construction, correct? To the extent that the district court is not bound by the board's construction, it would be potentially bound by a construction by this court. So that would be the complicating factor. But yes, I agree that the district court wouldn't necessarily be bound if this court says, look, we don't need to address. And I would note that there are cases cited in our brief concerning this issue, including HD Silicon Solutions, RFC Cyber, CG Technology, where this court could say, look, even assuming an alternative construction, the outcome wouldn't change. So our argument on appeal is essentially that, that the construction doesn't matter if the findings of fact support unpatentability under either construction, in which case- If this court affirms the board's decision, you would like the opinion to say under either construction, under either the board's construction or the patent owner's preferred construction all of the board's analysis leads to an affirm. Yes, or even more simply, that Allnova has not established that the fact findings on page 29 of the decision lack substantial evidence. And if they can't make that argument, then it doesn't matter what the claim construction is, whether you phrase that as under either or whether it's phrased as, you know, Allnova hasn't met its burden. And on that- Yeah. Those fact findings are all imbued with the board's, you would now say erroneous view of the scope of the claims, aren't they? Well no, I don't believe so. So the fact findings, and there are three individual findings of fact that I think are relevant here. Now for clarity, the only argument that Allnova makes on appeal as to why remand is necessary under the agreed upon construction is that the case reference, specifically block 707 in figure seven would disappear under certain circumstances. That is the only argument as to why the outcome would be different. So the question before this court is, well, didn't the board already make fact finding on that question of whether or not block 707 disappears? I thought the argument that hinged on the claim construction was premised on an argument that Cates does not suspend all communications once at some point in the transmission interval, a reading does not exceed some threshold. And if it doesn't, then any other potential transmissions in that transmission interval will be blocked even if those subsequent attempted transmissions have readings that do exceed the threshold. No, Your Honor, I don't think that's exactly right. I don't think the threshold issue was really addressed below or in the briefs. And I direct the panel specifically to Allnova's arguments, not only pages two and three, but specifically pages 46 and 47 of the appeal brief. At 46, the argument as to why it would turn out differently under this other construction, and I'll quote it, the board relies upon report block 707 in Cates as the claimed period of a transmission interval without substantial evidence that report block 707 is present during certain cycles. In other words, while report block 707 appears in figure seven, we think it goes away sometimes. And that's the only argument made. That argument, as admitted by Allnova, was presented below. Specifically in their brief at 47, Allnova argued that they presented this to the board and said below that block 707, and I'll quote it again, doesn't exist anymore when you are not going to transmit. That is the sole argument as to why the outcome would be different. So the question we believe before this court is, didn't the board already consider whether or not block 707 disappears? And if it did, I thought that argument by the patent owner was really more devoted to whether or not there was something called the period of the transmission interval under all circumstances and not so much as to how do we understand the meaning of the word suspended and how that applies vis-a-vis the Cates reference. It got flipped in, I think, the board's decision below. The board made these factual findings when discussing transmission interval. However, the only argument presented on suspending, both below and on appeal, hinged on that same issue of fact. Namely, there is no suspension because block 707 would cease to exist. That was the argument below and the argument on appeal for why Cates doesn't teach the suspension, the suspending feature. It also came up in the transmission interval argument, and I will grant this court that if you look at the arguments presented below as far as the transmission interval, it gets a little muddy. However... Seems like more reason for a remand if we are going to do as you wish and apply a different claim construction than the board. I would say no for the simple reason that I think what Alnova will argue when it stands back up or my colleague will argue is that, look, the board's ultimate decision at the end of the brief was under the claim construction that it adopted, that there's no transmission. But the separate issue is regardless of what they decided, were there fact findings that make the outcome below not going to change? And I would highly direct this panel to look at pages 46 and 47 as to the argument being made on suspend. The board on page 29 of its decision, albeit in a different part of the decision than Alnova will direct this panel, made three independent findings. They said, first, that the board doesn't agree, or actually what they said is, Cates, and I'll quote, does not teach that report block 707 does not exist or is not entered when the transmission is suspended. And that's in the appendix of 29, meaning we've read Cates and we disagree with your articulation of this idea that block 707 disappears. The second factual finding on page 29 is that there is no evidence in support of this interpretation. Specifically, the board says, Alnova's expert, and I'll quote the language, does not testify that the process shown in figure 7 does not enter report block 707 if transmission is suspended in Cates. So your own expert hasn't provided testimony to this interpretation. And finally, there was a finding that there was an admission during the oral argument that conceded this point. I don't see in their brief on the issue of suspending a transmission any argument for the outcome being different other than the repetition of this block 707 disappearing. If that's the case, then the claim construction doesn't matter. And that's our position on appeal with respect to why this panel does not need to address claim construction in order to dispense with this case. Of course, the panel is more than welcome to. We just don't find that it's necessary. With that said, we do agree with the construction of suspend because it's the construction that we presented during trial. So there's no reason for us to dispute it. At pages 7 to 9 of the gray brief, they purport to distinguish your cases that say we have at times applied for ourselves in the first instance of claim construction different than the board and have not remanded. What's your response to those distinctions? Yeah, if you look at the cases we cited, HD Silicon, RFC, it's where this court has said, look, even if we consider this alternative construction, it wouldn't matter, which is basically what we're arguing here. In those other cases they cite, there was a dispute at issue or the board did not make a finding under the other alternative. Our argument here is quite different because we're saying, look, under either construction, there has to be an error below. And there's fact finding on page 29 of the decision that makes it useless to go back and ask the board to consider the same question it already considered. If there was no fact finding, then I think their cases would apply. But we believe that page 29 provides the fact finding concerning whether or not Block 707 disappears. And I see nothing in their brief as to how Cates would apply on their alternative construction absent that disappearing Block 707 argument. So I guess bottom line is you're saying there's, they haven't made an argument for prejudicial error assuming that they are correct that the board's claim construction was erroneous. Yeah. And save for the Block 707, does it disappear or not? Yeah. And to put a finer point on it, they haven't provide a individual reason for each of those three findings of fact on page 29, let alone that all three are completely unsupported by the record. And I don't believe they can. The only argument they seem to offer on that point in their brief is at page 47 where they say that it, and I'll quote, logically follows that essentially Block 707 disappears. And I don't know that that's a... What if I hear Mr. Walker come up here and say, well, the board never reached the question of whether Cates does suspending under the correct claim construction. So that's the problem here. That's the gap in the board's analysis. And so it needs to go back at a minimum to give the board an opportunity to finally consider whether or not Cates discloses suspending transmission under the correct construction. My response to that is that's not the legal issue. The legal issue is not how they phrase their conclusion, but whether or not fact finding exists in the record that supports the same conclusion under the alternative construction. The fact finding is there. And I think the question... The fact finding is response to those particular arguments about transmission interval and things like this. I thought they had separate arguments about suspended. They have separate arguments about suspending and transmission interval, but if you look at the arguments as to suspending and why Cates would not teach that, the argument is still goes back to Block 707 disappearing. And if that's the only argument, it's the only argument I could find on the suspending issue in their brief and below. In their Pat Noner response and serve reply? There is a lot said in there, but I'm talking specifically about what's raised on appeal as to what the error was that should require remand. I don't... I'm not aware of any alternative argument as to why Cates doesn't suspend other than Block 707 disappears. In the blue brief? Certainly in the blue brief. I'm saying that's... But I'm also not aware of any specific argument below in the record different from that suspending argument, that Block 707 argument. So you point us to various cases and the like, and I know in some instances we have affirmed the written decision below when it's been a situation where basically the board will say under either construction, right? This construction or that construction. You've presented, I would say, a factually, like if that's X situation, you've presented like X prime or something, right? Now do you have... What's your best case that we have, if we have any, that really would address this X prime situation? Or do you just say these X cases address it? Well, I would say that those X cases are that the issue for harmless error in Henry Watts, and I'll quote the language because I think it's helpful. The purpose of the harmless error rule is to avoid wasteful proceedings on remand where there's no reason to believe a different result would have been obtained. So under Henry Watts, which is cited in the various cases we cite, the idea is, look, let's assume that you're right on claim construction and that suspend should mean this. If your only argument is the disappearance of Block 707, have you established that the And if you haven't met your burden of showing that there's a lack of evidence for any of those three conclusions by the board on the fact, then what is it going to matter? We're going to send it back to the board to determine whether or not Block 707 disappears, but they already determined that. Absent a clear argument as to some other error, and I don't think there is one, then it doesn't matter. And under Henry Watts, the harmless error rule would apply. And the only... Just to be... Sorry. Just one more question, then I'll pass the mic to you, of course, Judge Stark. The only limitation in dispute for the obviousness disclosure determination is what we call 1E. Is that... Like all the parties agree with that, right? Yes. If there is a fact dispute, this is the logical implication of what you're saying. If there is a fact dispute about what Cates discloses, and we were to say that the district court construction now being agreed upon should be applied, then you agree we would have to remand? Under those circumstances, yes. Got it. Thank you. Okay. Thank you. Thank you. Four minutes. Thank you. We've made two arguments about... That are relevant to suspend. One is, under the proper construction, Cates just does not disclose suspending. It at most discloses not transmitting. We have a separate argument that when there is a suspension, under any view of what suspension is, there is not a transmission period because that report block 707 is not met. Those are two distinct arguments. The board dealt with distinctly. It dealt with the report block argument at Appendix 29 and came to its conclusion that even if there is a suspension, under its view of suspension, that it still enters the report block. Could argue about that, but for now we'll just set it aside. The important thing for purposes of the real claim construction, I guess claim construction agreement, but dispute about what to do under the proper claim construction, is at Appendix 31. And this, here, the board really lays out nicely what the arguments are and what the resolution is. It says, patent owner argues that petitioner does not contend that Cates discloses suspending a transmission that otherwise would have been made. Patent owner reiterates its argument that Cates disclosure of not transmitting data does not meet the requirement that the transmission is suspended, pointing up that exact claim construction dispute. And then it says, we're going to rely on our claim construction. We determine that suspended encompasses both stopping a transmission that would not otherwise occur, or that would otherwise occur, and not making a transmission when there's no indicator. Cates discloses not transmitting. The second half of that construction, the one the parties now agree is erroneous. It never finds that under that first half that the parties agree is the correct construction that Cates discloses suspending the transmission. There simply is not a finding there. Can you talk about the argument that you've somehow abandoned that argument in your brief? Absolutely not. Absolutely not. Opening brief, page 32. So the first three sections of our opening brief are why the construction of suspended is wrong, and explaining why that is. Section four is about transmission interval, separate argument. Roman five is about the transmission period, the report block doesn't exist when there's a suspension. So it's pretty clear that those are distinct. Opening brief at 32, we explain how the erroneous claim construction isn't harmless error because the prior art does not teach, disclose, or suggest suspension, i.e. stopping a transmission that would otherwise occur. Instead, the prior art simply describes making a decision to transmit or not transmit. In our background, in terms of setting this up on pages 22 to 23, we lay out exactly how the board only found on pages, ultimately on page appendix 31, that all Cates does is not transmit. And then in our reply, page two, page five, I think we're also relying on the analysis on appendix 31 that is discussing the view that Cates discloses suspending because it discloses not transmitting, which is not part of the proper claim construction. We've absolutely raised this argument. Perhaps it could have been clearer, but it's absolutely in the briefs. It's absolutely dealt separately with the, by the PTAB on pages 29, and then separately on page 31. And the board simply did not make the requisite factual finding under the agreed to proper claim construction. That requires a remand. There's no harmless error because there's no factual finding the board has made that could sustain it. It generally prevents the court from affirming it on alternative grounds unless it could not possibly have had a bearing on the board's decision. And I think that the board's analysis on page 31, it's really clear that it did because we argue that under our claim construction, it doesn't disclose suspending. They said, well, we have this other part of our claim construction and it meets the second part. So are you agreeing that on page 29 of the appendix, the board wouldn't need to reach any different conclusions, but you're contending that potentially on page 31 of the appendix, in light of what you contend is the right claim construction, the board should reach a different conclusion if we were to vacate remand? Yeah. So if Cates doesn't disclose suspending, which is the core issue discussed at 31, then necessarily it's not going to meet the transmission period when it is suspended because that has a knock-on effect. I think we argue, and that's the page 29 analysis, we think there's independent problems with the page 29 analysis. But they are distinct. It doesn't, that's not our sole argument based on the construction of suspending. Thank you, Mr. Walker. Thank you. Thank you very much.